Richard BAKER, Plaintiff–Appellant,

v.

BIG STAR DIVISION OF THE GRAND UNION COMPANY, Connecticut General Life Insurance Company, Defendants–Appellees.

Great–West Life Assurance Company, Defendant.

No. 88–8787.

United States Court of Appeals, Eleventh Circuit.

Nov. 30, 1989.

As amended Jan. 29, 1990.

William R. Johnson, David P. Oliver, Moore & Rogers, Marietta, Ga., for plaintiff-appellant.

William Henry Boice, Stephen Earl Hudson, Kilpatrick & Cody, Atlanta, Ga., for Big Star.

H. Sanders Carter, Jr., Elizabeth Johnson Bondurant, Carter & Ansley, Atlanta, Ga., for Connecticut General Life Ins. Co.

Before KRAVITCH, Circuit Judge, HILL *, Senior Circuit Judge, and POINTER **, Chief District Judge.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Sam C. Pointer, Jr., Chief U.S. District Judge for the Northern District of Alabama, sitting by designation.

HILL, Senior Circuit Judge:

This is an appeal from a decision by the District Court for the Northern District of Georgia granting summary judgment to appellees the Grand Union Company ("Grand Union") and Connecticut General Life Insurance Company ("Connecticut General"), in a dispute over the denial of a claim for disability benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1381. We affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Appellant Richard Baker was an employee of the Big Star [supermarket] Division of the Grand Union Company for 13 years. Baker ceased working for Grand Union as an assistant store manager in October 1983 because of lower back pain. Baker received disability payments under an employee welfare benefits plan (hereinafter "Plan") administered, for the purposes of this appeal,[1] by Connecticut General Life Insurance (hereinafter "Connecticut General"). Under the terms of the Plan, Baker received monthly benefits for two years because his lower back pain prevented him from performing the duties of his "regular occupation."

After receiving disability benefits for two years, a covered employee will remain eligible for monthly benefits under the Plan only if he or she is "totally disabled" or "unable to perform any occupation for which [he or she] is qualified based on his or her education, training or experience." Shortly after his initial 24 month benefits period expired in April of 1986, Baker submitted a medical report from his doctor and applied for the "total disability" benefits available under the Plan. Acting as the Plan's administrator, Connecticut General required Baker to submit himself to an examination by a doctor of its choosing because it deemed the report submitted by Baker's physician to be ambiguous and in-

complete. On July 28, 1986, on the basis of the second physician's report, Connecticut General found that Baker was ineligible for the long-term, "total disability" benefits.

Connecticut General claims that Baker was informed of his right under ERISA to appeal the initial eligibility decision. Baker, on the other hand, alleges that he was told that if he chose to pursue the review procedure established by Grand Union, the same people who made his initial eligibility determination would review their own decision, and that the outcome—the denial of his claim—would be the same.

Baker filed an action in state court and the case was removed to federal court because the claim was governed by ERISA. The district court did not make a factual finding as to whether Baker's failure to exhaust his administrative remedies was excusable. The district court correctly applied the very limited "arbitrary and capricious" standard of judicial review for decisions by plan administrators under ERISA, see *Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 624 (11th Cir.1987), and upheld the determination made by Connecticut General that Baker was not eligible for "total disability" benefits under Grand Union's benefits plan. In addition, the district court held that Connecticut General was not a "fiduciary," as defined under 29 U.S.C. § 1002(21)(A), and therefore could not be held liable under ERISA even if the determination of ineligibility had been wrong. We shall consider this latter issue first.

## DISCUSSION

### I. Fiduciary Status Under ERISA

ERISA does not regulate the duties of non-fiduciary plan administrators. As such, non-fiduciaries cannot be held liable under ERISA. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1564–65 (11th Cir.1987). As the Supreme Court has recently explained,

---

1. Appellant Baker's original complaint named Great West Assurance Company as a defendant because Great West had administered the Plan for part of the time period in which Baker received disability benefits. Baker voluntarily dismissed his claims against Great West on July 13, 1987.

ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). A fiduciary has "authority to control and manage the operation and administration of the plan," 29 U.S.C. § 1102(a)(1), and must provide a "full and fair review" of claim denials, 29 U.S.C. § 1133(2).

*Firestone Tire & Rubber Co. v. Bruch,* —— U.S. ——, ——, 109 S.Ct. 948, 955, 103 L.Ed.2d 80 (1989). As Judge Freeman stated in ruling on this issue in the district court, "a plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary. *See Howard,* 807 F.2d at 1564." [2] Connecticut General processed claims and disbursed benefit payments pursuant to Plan terms under an administrative services agreement with Grand Union. Connecticut General did not contract to provide Grand Union with benefits insurance for Grand Union employees.

Grand Union did no more than "rent" the claims processing department of Connecticut General to review claims and determine the amount payable "in accordance with the terms and conditions of the Plan." Administrative Services Agreement § 2(a)(i). Grand Union reserved the right to review any and all claim denials. *Id.* at § 2(b). An insurance company does not become an ERISA "fiduciary" simply by performing administrative functions and claims processing within a framework of rules established by an employer, *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1325 (9th Cir.1985), especially if, as in this case, the claims processor has not been granted the authority to review benefits denials and make the ultimate decisions regarding eligibility. *Howard,* 807 F.2d at 1564; [3] *De-Geare v. Alpha Portland Indus., Inc.,* 652 F.Supp. 946, 962 (E.D.Mo.1986) (payment of claims pursuant to provisions of benefits plan does not clothe administrator with discretionary authority to such an extent as to make administrator's role that of a fiduciary); *Munoz v. Prudential Insur. Co. of America,* 633 F.Supp. 564 (D.C.Colo.1986) ("ability to make policy decisions outside of a pre-existing or separate framework of policies, practices and procedures" determines ERISA fiduciary status).

We affirm the decision of the district court that Connecticut General is not an ERISA fiduciary under the terms of the Plan and therefore is not subject to suit for its part in denying Baker "total disability" benefits under the Plan.

## II. The Appropriate Standard of Judicial Review For The Denial of ERISA Benefits

■ As discussed *supra,* the district court reviewed the denial of "total disability" benefits for Baker under the arbitrary and capricious standard that then governed ERISA cases in this circuit. Subsequent to the district court's decision in this case, the Supreme Court, on February 21, 1989, decided *Firestone Tire and Rubber Co. v. Bruch,* —— U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and held that "a denial

---

**2.** In 1975 the Department of Labor issued questions and answers relating to certain aspects of fiduciary responsibility under ERISA. In those questions and answers the Department stated "a plan administrator ... must, b[y] the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan within the meaning of section 3(21)(A)(iii) of the Act. Persons who hold such positions will therefore be fiduciaries." 29 C.F.R. § 2509.75–8 D–3 (1988). As the Department recognized, these questions and answers are merely advisory and may be affected by subsequent legislation, regulations, court decisions, and interpretive bulletins. 29 C.F.R. § 2509.75–8.

**3.** The following discussion by the court in *Howard* suffices to dispose of the claim that Connecticut General was acting as an ERISA fiduciary in this case.

> As indicated above, Protective is the plan administrator, performing claims processing, investigatory, and record keeping duties. Protective performs these duties under an independent contract with Parisian. Thus, Protective is not a fiduciary under the plan, and it has no obligation governed by ERISA.

*Howard,* 807 F.2d at 1564.

of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," [4] — U.S. at ——, 109 S.Ct. at 956. In other words, a court must exercise *de novo* review unless (1) the plan *fiduciary* has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan"; or (2) the plan *administrator* has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.*

Appellee Grand Union argues that, "[r]egardless of whether Connecticut General may be classified as a "fiduciary" under ERISA ... there is no dispute whatsoever that Grand Union had delegated to Connecticut General the authority 'to determine eligibility for benefits.'" Appellee Grand Union would have us ignore the trust law principles upon which the *Bruch* decision is based and import greater significance to Justice O'Connor's use of the word "or" than is warranted. True, the Supreme Court held that a *de novo* standard applies *unless* "the benefit plan gives the administrator *or* fiduciary discretionary authority," *Id.* (emphasis added), yet it is clear that an administrator with discretionary authority *is* a fiduciary. *See* —— U.S. at ——, 109 S.Ct. at 955, discussed *supra* at section I.

Conversely, one who is *not* a fiduciary is also *not* "an administrator with discretionary authority" under 29 U.S.C. § 1002(16)(A) and (21)(A). "Administra-tors" are distinguished from "fiduciaries" by the former's lack of discretionary authority or discretionary control"; therefore, any entity or person found not to be an ERISA "fiduciary" cannot be an "administrator with discretionary authority" subject to the arbitrary and capricious standard.

Grand Union makes essentially the same argument that was rejected by the Supreme Court in *Bruch*. In *Bruch*, Firestone "argue[d] that as a matter of trust law the interpretation of the terms of a plan is an inherently discretionary function." —— U.S. at ——, 109 S.Ct. at 954. Similarly, Grand Union argues that since Connecticut General has the power to make initial eligibility determinations " 'in accordance with the terms and conditions of the Plan,'" Connecticut General's role is "inherently discretionary." As discussed above, Grand Union urges a far too facile reading of *Bruch* than can be sanctioned by this court. Just as Firestone's "inherently discretionary" task of construing its benefits plan terms was insufficient to support a more deferential standard of judicial review under trust law principles, Connecticut General's "inherently discretionary" task of making initial eligibility determinations "according to the terms of the Plan" does not trigger the application of an arbitrary and capricious standard of review under *Bruch*. *See Moon v. American Home Assur. Co.*, 888 F.2d 86 (11th Cir. 1989) (rejecting a similar argument and finding that *de novo* standard of review applies). Grand Union, not Connecticut

---

**4.** Appellant's Reply Brief purportedly quotes the holding in *Firestone* as follows:

> Under *Firestone, supra* " ... a denial of benefits challenged under § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan *expressly* gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits ..." (Emphasis added.)

The Reply Brief thereafter makes much of the absence of "express" discretionary authority in the terms under which Connecticut General administered the Plan. This may indeed be significant under an expansive reading of *Bruch*. *See Moon v. American Home Assur. Co.*, 888 F.2d 86, 88–89 (11th Cir.1989).

Nevertheless, counsel for appellant provides no specific citation to the "quoted" sentence in *Bruch* in which Justice O'Connor purportedly used the term "expressly." Not only did the Supreme Court's opinion in *Firestone* not turn on the word "expressly," Justice O'Connor's opinion nowhere made use of the term "expressly." Our reading of *Firestone* makes it appear that appellant Baker has quoted the publisher's syllabus of the case. A publisher's syllabus or headnote is published for the convenience of the reader and constitutes no part of the opinion of the court. *United States v. Detroit Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 287, 50 L.Ed. 499 (1906). It was not helpful to have this portion of the syllabus quoted to us as the Court's opinion.

General, was given the authority to review claim denials; nor was Connecticut General given the power to formulate policy or terms of eligibility under the Plan.

While we note that the indicia of discretionary authority granted to administrators' or fiduciaries will differ with each ERISA plan reviewed by a given court—and we do not determine today which indicia of discretionary authority are *sine qua non* to trigger the arbitrary and capricious standard of review under *Bruch* —we hold that the benefits plan at issue in this case does not provide such discretion to its plan administrator. We note that a panel of this court may have determined that express language of discretionary authority is necessary before the arbitrary and capricious standard is applicable. *See Moon,* 888 F.2d at 88–89 (construing several post-*Bruch* cases to rest on the presence or absence of *"express language"* of discretionary authority) (emphasis in original). Thus, under *Bruch* we must remand this case to the district court for its *de novo* determination of whether appellant Baker is eligible for "total disability" benefits under the Plan.[5]

Next, appellee Grand Union argues that since no competent evidence existed upon which the district court could have determined that Mr. Baker was eligible for Plan

benefits, this court should affirm the district court's decision even if under *Bruch* the district court should have applied a *de novo* standard. We disagree. It will be the district court's task to assess the conflicting medical evidence which exists in this case and make an independent determination of whether Mr. Baker is entitled to "total disability" benefits under the terms of the Plan. In this regard, the district court is free to make a factual finding as to whether Mr. Baker's failure to pursue administrative review is excusable as futile.

## CONCLUSION

The decision of the district court is AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent with this opinion.

---

**5.** In the relatively short period of time since the Supreme court decided *Bruch* on February 21, 1989, several other courts of appeals, including two panels of this court, have applied the *Bruch* analysis to determine the appropriate standard of review to a claim arising from the denial of ERISA benefits. These early decisions—although construing benefits plans that range from very similar to totally dissimilar to the plan at issue in this case—are completely consistent with the result we reach today in finding that the district court should apply a *de novo* standard of review. *See Moon,* 888 F.2d at 88–89, discussed in the text accompanying this footnote; *Brown v. Ampco–Pittsburgh Corp.,* 876 F.2d 546, 551 (6th Cir.1989) (interpreting *Bruch* to require remand to district court for *de novo* review since "clear grant of discretion to plan administrator" absent); *Dzinglski v. Weirton Steel Corp.,* 875 F.2d 1075, 1079 (4th Cir.1989) (*de novo* review appropriate under *Bruch* when plan trustee "not vested with discretionary authority" but could "only determine whether [the employee] met the eligibility standards of the plan").

*Cf. Guy v. Southeastern Iron Workers' Welfare Fund,* 877 F.2d 37, 39 (11th Cir.1989) (under *Bruch,* arbitrary and capricious standard applies when benefits plan trustee has " 'full and exclusive authority to determine all questions of coverage and eligibility' and 'full power to construe the provisions of [the] Trust ...' "); *Boyd v. Trustees of United Mine Workers Health and Ret. Fund,* 873 F.2d 57, 59 (4th Cir.1989) (arbitrary and capricious standard appropriate under *Bruch* when plan trustee given power to make "full and final" benefits eligibility determinations and to "promulgate rules and regulations to implement the plan"); *Bali v. Blue Cross and Blue Shield Ass'n.,* 873 F.2d 1043, 1047 (7th Cir.1989) (arbitrary and capricious standard applies under *Bruch* to reasonableness of plan administrator's request for information when plan "clearly gives the administrator discretion as to the amount and kind of information required to prove disability"); *Lowry v. Bankers Life & Cas. Ret. Plan,* 871 F.2d 522, 524–25 (5th Cir.1989) (arbitrary and capricious standard applicable under *Bruch* when "Plan Committee" given the power to interpret and construe uncertain terms, determine rights or eligibility, and decide appeals from claim denials).