Scott A. SINGLETON, Plaintiff,

v.

The BOARD OF TRUSTEES, OF IBEW LOCAL 613 AND CONTRIBUTING EMPLOYERS HEALTH AND WELFARE FUND, individually and in their official capacity and Consolidated Benefit Services, Inc., Defendants.

Civ. No. 1:92–cv–419–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 17, 1993.

until the summary judgment stage.

Emory Adair Wilkerson, Darroch & Obenshain, Decatur, GA, for plaintiff.

Randall Alan Constantine, Amy L. Lloyd, Elrod & Thompson, Atlanta, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on Defendant's Motion to Dismiss [2].[1] The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be granted.

## BACKGROUND

Plaintiff, Scott A. Singleton, was a participant in the Health and Welfare Fund operated by Defendants. In September 1990 Plaintiff was seriously injured in an automobile accident. Plaintiff eventually settled with the other driver's insurance company. (Pl.'s Mot. for Summ.J. at 3). In the settlement, Plaintiff received approximately $18,000 for his pain and suffering. (*Id.*).

During the claims process, Plaintiff had signed a subrogation agreement which provided that he was to reimburse Defendants for the payment of benefits due to settlement. (*Id.*). Defendants initially paid for some of the medical expenses incurred by Plaintiff. (Pl.'s Br. in Opp'n to Mot. to Dismiss at 2). After the settlement, however, Defendants refused to make any further payments to Plaintiff's medical providers, claiming a right to all money received by Plaintiff in the settlement. Plaintiff claims that Defendants are not entitled to the money he received as compensation for pain and suffering, and brought suit in the Superior Court of Dekalb County to recover the amount that he alleges Defendants still owe him. Defendants subsequently removed to this court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## DISCUSSION

The trustees of Plaintiff's health plan selected a professional employee benefits administration firm, Consolidated Benefit Services, Inc. ("CBS"), to serve as administrative manager of the Health and Welfare Fund. CBS has moved to dismiss the action against it on the ground that it is not a fiduciary of the fund and, as a result, cannot be sued under ERISA.

The Eleventh Circuit Court of Appeals has held that ERISA does not regulate the duties of non-fiduciary plan administrators and, thus, non-fiduciaries cannot be held liable under ERISA. *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 289 (11th Cir.1989) An insurance company does not become an ERISA fiduciary "simply by performing administrative functions and claims processing within a framework of rules established by an employer." *Id.* at 290. The fact that a claims processor is not given the authority to either review benefits

---

1. The Court defers at this time ruling on Defendants' Motion to Compel [9], Plaintiff's Motion for Summary Judgment [11], Defendants' Motion for Summary Judgment [14], and Plaintiff's Attorney's Motion to Withdraw [20].

denials or make ultimate decisions regarding eligibility is significant to the determination of whether the processor is a fiduciary. *Id.*

■ Plaintiff argues that this Court should adopt a broad definition of fiduciary. Plaintiff does not appear to contend that CBS does much more than process claims.[2] Rather, he asserts that in its role as a claims processor CBS "exercises some discretionary responsibility in the administration of the Health and Welfare Fund." (Pl.'s Br. in Opp'n to Mot. to Dismiss at 4). Such responsibility, according to Plaintiff, is sufficient to meet the statutory definition of a fiduciary as one who "has *any* discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(iii) (emphasis added).

The Court concludes, however, that the Eleventh Circuit's rationale in *Baker* forecloses the application of such a broad definition of fiduciary. In *Baker*, the plaintiff attempted to sue a defendant who, in the court's view, had essentially been "rented" to serve as plan administrator and review claims and determine the amount payable in accordance with the terms and conditions of the plan. 893 F.2d at 290. The Eleventh Circuit upheld the district court's dismissal of the claim against the defendant, as "a plan

administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary." *Id.* *See also Baxter v. C.A. Muer Corp.,* 941 F.2d 451, 454–55 (6th Cir.1991); 29 C.F.R. § 2509.75–8 D–2.

The same rationale compels dismissal here. Plaintiff has not alleged that CBS either reviews benefits denials or makes the ultimate decisions regarding eligibility. In fact, he appears to concede that CBS does neither. Rather it appears that CBS, like the defendant in *Baker,* merely "performs claims processing, investigatory, and record keeping duties." *Id.* Accordingly, CBS is not a fiduciary and is not subject to suit under ERISA.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [2] is GRANTED.

SO ORDERED.

---

**2.** Plaintiff asserts that CBS is responsible for "performing clerical tasks, maintaining records, paying benefits under the Health and Welfare Fund, and carrying out policy decisions made by the Trustees." (Pl.'s Br. in Opp'n to Mot. to Dismiss at 4).