**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Donald Glenn PALMER, Dale R. Wallace, Patsy R. Gardner, and Lonnie Rannals, Defendants.**

C.A. No. 1:01–CV–555.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 4, 2002.

Linda Gail Moore, Paul E. Ridley, John B. Rizo, Sr., Kirkpatrick & Lockhart, Dallas, TX, for Plaintiff/Counter–Defendant.

Zeb Davidson Zbranek, Zbranek Firm, PC, Liberty, TX, for Defendant/Cross–Claimant/Cross–Defendant.

Donald W. Duesler, Donald W. Duesler & Associates, Marc P. Henry, Henry & Fuller, Beaumont, TX, for Defendant/Counter–Claimant/Third–Party Plaintiff/Cross–Claimant.

Scott Masur McElhaney, Jackson Walker, Dallas, TX, Frank George Vlahakos, Jackson Walker, LLP, Houston TX, for Third–Party Defendant.

## ORDER AND OPINION GRANTING AT & T CORPORATION'S MOTION TO DISMISS

SCHELL, District Judge.

This matter is before the court on "AT & T Corp.'s Motion to Dismiss" (Dkt.# 36) filed on August 13, 2002. Defendant Dale R. Wallace ("Wallace") filed a response on September 10, 2002 (Dkt.# 44). AT & T Corporation ("AT & T") replied on September 18, 2002 (Dkt.# 47). After considering the motion, the response, the reply, and the applicable law, the court is of the opinion that the motion to dismiss pursuant to Rule 12(b)(6) should be GRANTED.

## I. BACKGROUND

Brenda K. Palmer Wallace (hereinafter "Decedent") was a participant in the AT & T group life insurance plan ("the Life Plan") and the AT & T supplementary life insurance plan ("the Supplementary Plan") (collectively "the Plans") for employees of AT & T. On November 5, 1986, Decedent named her then-husband, Donald Glenn Palmer ("Palmer"), as the primary beneficiary and her mother, Patsy R. Gardner, as the contingent beneficiary. On or about December 27, 1995, Decedent and Palmer divorced in the State of Texas. On October 2, 1996, Decedent allegedly submitted a change of beneficiary designation form to AT & T, designating Wallace, Decedent's widower, as primary beneficiary and Lonnie Rannals as contingent beneficiary and trustee of an unidentified trust. MetLife allegedly attempted only once to return the change of beneficiary form to Decedent for problems regarding information included in Decedent's change of beneficiary designation form. On April 10, 1998, Decedent married Wallace. On January 16, 2000, Decedent died and life insurance benefits in the amount of $36,000 for the Life Plan and $180,000 for the Supplementary Plan (collectively the "Plan Benefits") became payable. Subsequent to the Decedent's death, both Wallace and Palmer submitted claims for the Plan Benefits to MetLife. On September 11, 2000, MetLife submitted a letter to Palmer and Wallace, stating that Palmer's claim based on the November 1986 beneficiary designation and Wallace's claim based on the December 27, 1995 divorce decree were adverse to one another.

On August 13, 2001, MetLife originally tendered $154,000 into the registry of the court and filed its complaint as an interpleader. That amount was incorrect, and MetLife acknowledges that the correct value of the plan proceeds is $216,000. *MetLife's Mot. for Summ. J.* at 1. Both Wallace and Palmer make claims for the Plan Benefits. Wallace, additionally, filed a third-party complaint against AT & T on March 5, 2002 (Dkt.# 16). In the third-

party complaint Wallace alleges that "AT & T was negligent in the handling of Decedent's Beneficiary Designation Form," and "AT & T breached its contract by failing to pay Wallace the Plan Benefits." *Wallace's Third–Party Complaint Against AT & T* at 4. The claims in Wallace's third-party complaint are the subject of this motion to dismiss.

## II. MOTION TO DISMISS STANDARD

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982) (quoting Wright & Miller, Federal Procedure & Practice: Civil § 1357 at 598 (1969)).

On motion under Rule 12(b)(6), the court must follow two principles. First, the court must decide whether the facts alleged in a complaint, if true, would entitle the plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *See Kaiser Aluminum*, 677 F.2d at 1050. The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995). Second, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99; *Kaiser Aluminum*, 677 F.2d at 1050.

 While these two principles are mandatory, the Fifth Circuit recognizes two exceptions. First, a plaintiff must allege specific facts, not conclusory allegations. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Kaiser Aluminum*, 677 F.2d at 1050.

## III. PREEMPTION OF STATE LAW CLAIMS

 Wallace does not appear to contest the fact that his state law claims for negligence and breach of contract are preempted by ERISA's comprehensive remedial scheme. Wallace is correct not to dispute preemption. "It is well settled that ERISA generally preempts state law." *Rivers v. Cent. & S.W. Corp.*, 186 F.3d 681, 683 (5th Cir.1999) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)). State law claims attempting to enforce rights under a plan are completely preempted by ERISA's comprehensive remedial scheme. *See* 29 U.S.C. § 1132(a)(1)(B) (providing a civil remedy to enforce a beneficiary's rights under the terms of an ERISA plan). Negligence and breach of contract are such preempted claims. *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1315 (5th Cir.1994).

## IV. FACTUAL PREDICATE FOR ERISA CLAIMS

Rather than attempt to argue against preemption, Wallace relies on the liberal pleading requirements of the federal court. *Def.'s Resp. to AT & T's Mot. to Dismiss* at 4. Wallace claims that although he has failed to specifically assert a claim under

ERISA, he has laid the necessary factual predicate for surviving this motion to dismiss. Specifically, Wallace contends that he has pled the necessary facts to support claims against AT & T for breach of fiduciary duty. *Id.* at 5. Wallace does not support this claim with specific factual references, specific statutory references, or any case law. Wallace simply asserts that AT & T is a proper defendant that can be liable. *Id.* at 4–5. The court disagrees for several reasons.

■ Assuming, as the court must, that Wallace properly asserted a claim for the Plan Benefits under 29 U.S.C. § 1132(a)(1)(B), AT & T is not the proper party to that action. AT & T was in no way obligated to pay the benefits under the terms of the Plans. Under the express terms of the Plans, MetLife has the obligation to process and pay the proceeds. *AT & T's Mot. to Dismiss,* Exhibit A. Therefore, Wallace cannot bring an action to force AT & T to perform an obligation it has not contractually agreed to perform under the Plans. *See Murphy v. Wal-Mart Assocs.' Group Health Plan,* 928 F.Supp. 700, 709–10 (E.D.Tex.1996) (holding that there is no provision in section 1132(a)(1)(B) to support giving a beneficiary a cause of action against any entity other than the plan).

■ Wallace also has not alleged facts to support an inferred claim of breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3). Wallace must be asserting this claim under section 1132(a)(3), because that is the only section possibly helpful. Section 1132(a)(3) allows a beneficiary to recover "other appropriate equitable relief" against a fiduciary on his own behalf. *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). While Wallace has stated that AT & T violated a fiduciary duty, section 1132(a)(2), which makes such a breach ac-

tionable through section 1109, is available only for the benefit of the plan, not a beneficiary. *Murphy,* 928 F.Supp. at 710; *McDonald v. Provident Indem. Life Inc. Co.,* 60 F.3d 234, 237 (5th Cir.1995) (holding that a claim for breach of fiduciary duty under section 1132(a)(2) must be premised on harm to the entire plan, rather than harm to a particular individual). Wallace has failed to allege facts needed for this court to grant "equitable relief". It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed. *Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir.1998); *Constantine v. Am. Airlines Pension Benefit,* 162 F.Supp.2d 552, 557 (N.D.Tex.2001) ("Because Plaintiff has resorted to the principal remedy for ERISA claimants [section 1132(a)(1)(B)], she has also failed to state a claim under § 1132(a)(3) as described by the Supreme Court in *Varity.*"); *Hager v. NationsBank Corp. Pension,* 1999 WL 1044498, *3 (N.D.Tex.1999) (concluding that a plaintiff that brings a lawsuit for benefits may not also bring a claim under section 1132(a)(3) for breach of fiduciary duty). Because Wallace is currently pursuing a claim against the relevant plans for benefits, under the law of this circuit, he cannot simultaneously sue AT & T for breach of fiduciary duty. Additionally, even if Wallace's claim under section 1132(a)(1)(B) is unsuccessful, that would not make this alternative claim for equitable relief viable. *Tolson,* 141 F.3d at 610. Therefore, "equitable relief" under section 1132(a)(3) is not "appropriate".

■ Furthermore, even if Wallace could maintain both claims simultaneously, Wallace has failed to allege the facts required to maintain a claim against AT & T for breach of fiduciary duty. The brief factual

allegations supplied by Wallace in the third-party complaint allege only that AT & T negligently handled the Decedent's change in beneficiary form and negligently failed to keep MetLife informed as to Decedent's updated home address. *Wallace's Third–Party Compl.* at 4. Although AT & T was the administrator, there is no factual allegation that AT & T was a fiduciary when it committed this alleged negligence. *See Pegram v. Herdrich,* 530 U.S. 211, 225–26, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (stating that not all administrators are fiduciaries). On the contrary, the facts show that AT & T's responsibilities with regard to the designation of the Decedent's beneficiary were purely administrative, rather than discretionary. The insurance plans clearly instructed the Decedent on how to change her beneficiary designation, including the fact that it would only be effective when *signed. AT & T's Mot. to Dismiss,* Exhibit B, at 0081. The Supreme Court has clearly concluded that administrators are not always fiduciaries:

> In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.

*Pegram,* 530 U.S. at 223, 120 S.Ct. 2143. There is no allegation in the third-party complaint that gives rise to the possibility of a fiduciary breach. No fiduciary decisions by AT & T were made at all. Therefore, no breach could occur. *See Timmons v. Special Ins. Servs.,* 984 F.Supp. 997, 1005 (E.D.Tex.1997) (concluding that a party performing purely ministerial duties was not a fiduciary under ERISA).

## V. CONCLUSION

Even if the court were to assume that all factual allegations made against AT & T in Wallace's third-party complaint are true, Wallace has failed to state a claim upon which relief can be granted. Therefore, pursuant to Rule 12(b)(6), AT & T's motion to dismiss is hereby GRANTED.

It is so ORDERED.