**Valanna MCCURRY, an Individual, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a Kentucky Corporation and Citigroup, Inc., a New York Corporation, Defendants.**

**Case No. 5:15-cv-549-Oc-32PRL**

United States District Court, M.D. Florida, **Ocala Division.**

Signed 09/15/2016

Alicia Paulino-Grisham, Maggie M. Walsh-Smith, Di Law Group, Hollywood, FL, for Plaintiff.

Stephanie A. Segalini, Hinshaw & Culbertson, LLP, Donald A. Mihokovich, Adams & Reese, LLP, Tampa, FL, Alex Michael Hyman, Karen R. King, Lewis R. Clayton, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendants.

## ORDER

TIMOTHY J. CORRIGAN, United States District Judge

This ERISA case is before the Court on Defendant Citigroup, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 29). On August 12, 2016, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 51) recommending that Citigroup's motion be denied in its entirety. On August 26, 2016, Citigroup filed objections to the Report and Recommendation. (Doc. 61). McCurry responded to the objections on September 12, 2016. (Doc. 62).

Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 51), it is hereby

**ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 51) is **ADOPTED** as the opinion of the Court.

2. Citigroup's Objections to Magistrate Judge's Report and Recommendation on Citigroup's Motion to Dismiss Count II of Plaintiff's Amended Complaint (Doc. 61) are **OVERRULED.**

3. Defendant Citigroup, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 29) is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of September, 2016.

## REPORT AND RECOMMENDATION [1]

PHILIP R. LAMMENS, United States Magistrate Judge

Before the Court is Defendant Citigroup, Inc.'s motion to dismiss Count II in this Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA") case. (Doc. 29). Specifically, Citigroup moves to dismiss the claim that it breached a fiduciary duty, under ERISA, by improperly handling Plaintiff's daughter's request to change the daughter's group life insurance policy beneficiary. As stated below, I recommend that Citigroup's motion be denied, as Plaintiff has plead a plausible claim for relief.

### I. BACKGROUND [2]

Kelly Kunselman married in 1998. Around that time, she began working for Citigroup and enrolled in several Citigroup benefit programs. Among those Citigroup benefits was a basic group life insurance policy (GUL), insured by Metropolitan Life Insurance Company.

Kunselman named her husband as the beneficiary of her Citigroup benefits, including the GUL. But the nuptial ended three years after it began. And at some point later, Kunselman attempted to change her Citigroup benefits beneficiary to her mother, the Plaintiff in this case.

Indeed, at some unstated date, Kunselman contacted Citigroup in an attempt to name Plaintiff as the GUL beneficiary. But while Kunselman successfully changed the beneficiary of her other Citigroup benefits to Plaintiff, it appears that her attempt to name Plaintiff as the GUL beneficiary failed. Plaintiff states that Citigroup either failed to forward Kunselman's beneficiary change information to MetLife, or, at the very least, Citigroup failed to tell Kunselman that it would not forward the beneficiary change information to MetLife and failed to advise Kunselman to contact MetLife herself.

Kunselman passed away in 2014. After Kunselman's death, Plaintiff received her daughter's other assets and benefits, but MetLife told Plaintiff that she was not the named beneficiary of the GUL. Plaintiff assumes that MetLife determined that Kunselman's ex-husband was the proper GUL beneficiary and Plaintiff asserts that MetLife improperly paid the GUL benefits to him.

Based on these events, Plaintiff filed suit. In her Complaint, she brings three

---

**1.** Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to

challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3–1.

**2.** The background "facts" are taken from Plaintiff's amended complaint (Complaint). (Doc. 24).

counts under ERISA; Count II is the only claim at issue here. In Count II, she alleges, under 29 U.S.C. § 1132(a)(3), that Citigroup breached its fiduciary duty by carelessly handling Kunselman's attempt to change the GUL beneficiary designation from Kunselman's ex-husband to Plaintiff. Plaintiff attached several exhibits to her Complaint, including what Plaintiff claims is the *GUL Policy Certificate* (Doc. 24-1). Also of note, the parties dispute what documents constitute the ERISA "plan" in this case (Docs. 31, pp. 3–4, 18–19; 45, pp. 2–3), and on July 27, 2016, I held a hearing on the appropriate scope of discovery and on this motion to dismiss (Docs. 47–50).

## II. Legal Standard

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks omitted). In short, to survive a motion to dismiss a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir.2010). Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

In applying this two-step approach to determine the complaint's sufficiency under Rule 8 (and in turn the plausibility of the claims), the Eleventh Circuit limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Further, the Court can infer "'obvious alternative explanations,'" which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682, 129 S.Ct. 1937) (brackets omitted).

## III. DISCUSSION

At dispute here is whether Citigroup acted as a fiduciary, under ERISA, when it handled Kunselman's purported request to change her GUL beneficiary. I find that Plaintiff has plead sufficient facts to show that Citigroup plausibly did so.

### A. Fiduciary breach under ERISA

An ERISA "fiduciary shall discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity." 29 U.S.C. § 1104.

Germane to this case, ERISA defines fiduciary as an entity that either (1) "exercises any discretionary authority or discretionary control respecting management of [the] plan" or (2) "has any discretionary authority or discretionary responsibility in the administration of the plan." 29 U.S.C. § 1002(21)(A)(i)(iii); *Newell v. Prudential Ins. Co. of Am.*, 904 F.2d 644, 649 (11th Cir.1990). Put simply, ERISA defines "fiduciary" in term of function. *Varity Corp. v. Howe*, 516 U.S. 489, 527, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (noting that Congress anchored the ERISA definition of fiduciary in " '*functional* terms of control and authority over the plan' ") (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 262, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)) (emphasis original).

"The fiduciary function is not an 'all-or-nothing concept,' and a defendant is only a fiduciary to the extent that [it] exercises discretionary authority 'with respect to the particular activity at issue.' " *Carolinas Elec. Workers Ret. Plan v. Zenith Am. Sols., Inc.*, No. 1:14–CV–1807–RWS, 2015 WL 1395130, at *3 (N.D.Ga. Mar. 25, 2015) (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir.2005)). In other words, a fiducia-

ry act is a discretionary act. *See Herman v. NationsBank Trust Co., (Georgia)*, 126 F.3d 1354, 1365 (11th Cir.1997).

In the ERISA context, this Circuit has defined discretion as "the 'power of free decision or choice' or 'individual judgment.' " *Herman*, 126 F.3d at 1365 (quoting *Webster's Third New International Dictionary* 647 (1986)). So, where an entity acts without free decision, choice, or individual judgment—i.e., without discretion—that entity as not performed fiduciary acts under ERISA. *See, e.g., Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir.1989) (noting that "a plan administrator who merely performs claims processing, investigatory, and record-keeping duties is not a fiduciary") (citing *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1564 (11th Cir.1987)). And mere clerical or ministerial acts are not fiduciary acts. *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 129 (7th Cir.1992).

On the most basic level, the "duty to disclose material information is the core of a[n ERISA] fiduciary's responsibility." *Eddy v. Colonial Life Ins. Co. of Am.*, 919 F.2d 747, 750 (D.C.Cir.1990); *Electro–Mech. Corp. v. Ogan*, 9 F.3d 445, 451 (6th Cir.1993) ("ERISA imposes a duty upon fiduciaries to respond promptly and adequately to employee-initiated inquiries regarding the plan or any of its terms."); *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir.1993) ("Fiduciaries must also communicate material facts affecting the interests of beneficiaries."). As an example of this core duty, a " 'fiduciary must give complete and accurate information in response to participants' questions.' " *Hamilton v. Allen–Bradley Co.*, 244 F.3d 819, 827 (11th Cir. 2001) (quoting *Drennan v. General Motors Corp.*, 977 F.2d 246, 251 (6th Cir.1992)); *Ervast v. Flexible Products Co.*, 346 F.3d

1007, 1016 n. 10 (11th Cir.2003). As another example, "ERISA specifies that the plan administrator must furnish, on written request, any information regarding the operation of the plan." *Hamilton*, 244 F.3d at 827 (11th Cir.2001) (citing 29 U.S.C. § 1024(b)(4)). And an employer's failure to forward an employee's information to an ERISA insurance provider may constitute a fiduciary duty breach. *Hamilton*, 244 F.3d at 827 (citing *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 552 (6th Cir.1999)).

 Finally, "whether a party is an ERISA fiduciary is a mixed question of law and fact." *Cotton*, 402 F.3d at 1277. For instance, proof of " 'who is the plan administrator [or plan fiduciary] may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation of the plan document.' " *Carolinas Elec. Workers Ret. Plan*, 2015 WL 1395130 at *3 (quoting *Hamilton*, 244 F.3d at 824) (brackets original).

### B. Plaintiff's allegations

 In this case, Plaintiff states sufficient facts to survive the instant motion. Plaintiff pleads that Citigroup is a GUL fiduciary: she states that Citigroup established the GUL; offered the GUL to its employees as part of an overall benefit package; administered the GUL; sponsored the GUL plan; exercised authority and control over the GUL and GUL beneficiary designations; and provided MetLife, the GUL insurance provider, with GUL beneficiary designation information. (Doc. 24, ¶ 10, 11, 12, 18, 19, 20).

As far as the alleged fiduciary breaches go, Plaintiff states that on an unknown date Kunselman contacted Citigroup to change her GUL beneficiary. Plaintiff does not state the content of this alleged contact (e.g., whether Kunselman spoke with or wrote to Citigroup or what documents or forms, if any, Kunselman gave to Citigroup at this time). Still, Plaintiff alleges that, upon receipt of Kunselman's GUL beneficiary change request, Citigroup failed to notify MetLife about the request. And, in the alternative, Plaintiff also pleads that Citigroup failed to tell Kunselman that Citigroup would not notify MetLife of the request and failed to tell Kunselman to contact MetLife about the request. Given these purported "grossly negligent" failures, Plaintiff pleads that Citigroup breached its fiduciary duty to act "with the care, skill, prudence, and diligence under the circumstances." (Doc. 24, ¶ 67, 68–70) (quoting 29 U.S.C § 1104).

At this stage of this suit, I find that Plaintiff had plead enough factual matter to state a plausible claim. In sum, she states that Citigroup, as the GUL administrator and sponsor, exercised authority and control over GUL beneficiary designations and over giving such information to MetLife, and she states that Citigroup failed to forward beneficiary designation information to MetLife. *See, e.g., Hamilton*, 244 F.3d at 827 (finding that an employer performed a fiduciary act when "the employer made a decision regarding whether or not to convey information to the insurance company"); *Krohn*, 173 F.3d at 552 (holding that an employer had a fiduciary "duty either to send [the insurance provider] the application ... or to clarify the plaintiff's intentions in returning the form"). She also states that Citigroup failed to adequately inform Kunselman as to whether it would forward the request to MetLife and to tell Kunselman to contact MetLife about changing the GUL beneficiary. *See, e.g., Ervast*, 346 F.3d at 1016 n. 10 ("[A] failure-to-inform claim may lie against an ERISA administrator."); *Hamilton*, 244 F.3d at 827 (noting the fiduciary duty to give complete and

accurate information when responding to ERISA inquires); *see also Larsen v. Airtran Airways, Inc.*, No. 8:07–CV–442–T–TBM, 2009 WL 4827522, at *8 (M.D.Fla. Dec. 14, 2009) ("[T]he failure to assist a participant in a plan may be actionable ....."). Accordingly, Citigroup's motion to dismiss is due to be denied.

### C. Citigroup's arguments

Citigroup makes numerous arguments in support of dismissal. But I find the arguments unpersuasive at this point.

1. Citigroup first argues that, based on language from the *GUL Policy Certificate* (which is attached to the Complaint), Plaintiff has failed to state a claim for breach of fiduciary duty. (Doc. 29, pp. 4–6). On a motion to dismiss, it is well settled that "when the exhibits [attached to the complaint] contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir.2007). But note, "[t]he *Griffin* principle applies if the exhibits 'plainly show' that the complaint's allegations are untrue by providing 'specific factual details' that 'foreclose recovery as a matter of law.'" *Renfroe v. Nationstar Mortgage, LLC*, 822 F.3d 1241, 1245 (11th Cir.2016) (quoting *Griffin Indus., Inc.*, 496 F.3d at 1206).

Based on the *GUL Policy Certificate*, Citigroup asserts that any act it took with respect to Kunselman's request to change the GUL beneficiary was not a fiduciary act, as any beneficiary change had to be made through MetLife, on a form approved by MetLife. (Doc. 24-1, pp. 16, 26). In other words, Citigroup concludes that it had no discretion to either grant or deny Kunselman's beneficiary change request because, under the *GUL Policy Certificate*, MetLife held that discretion. *See, e.g., Kmatz v. Metro. Life Ins. Co.*, 232 Fed. Appx. 451, 455 (6th Cir.2007) ("ERISA expressly instructs a plan administrator to 'discharge [its] duties with respect to a plan ... in accordance with the documents and instruments governing [that] plan.'") (quoting 29 U.S.C. § 1004(a)(1)(D)).

Yet Plaintiff has not plead that Citigroup failed to change the GUL beneficiary; Plaintiff pleads that Citigroup improperly handled Kunselman's beneficiary change request. Thus the language from *GUL Policy Certificate* that implies that Citigroup had no discretion to change the GUL beneficiary does not contradict Plaintiff's allegations—by way of example, even if Citigroup had no discretion to change the GUL beneficiary, Citigroup may still have had the discretion to forward, or not forward, the beneficiary change request to MetLife or the discretion to advise, or not advise, Kunselman on how to change the GUL beneficiary.

In any event, the discretion that the ERISA plan at issue here vested Citigroup with, if any, remains an open question as the parties dispute what documents constitute the ERISA plan. (Doc. 31, 45). As noted during the July 27, 2016 hearing, it is currently uncertain what documentation Citigroup provided to Kunselman at the time she allegedly attempted to contact Citigroup to change the GUL beneficiary. For example, Citigroup has filed on the docket two *Health and Insurance Benefits Handbooks* that it claims are part and parcel of the ERISA plan at issue here. (Docs. 3-2–3-7; 45). But as discussed at the hearing, whether these two *Health and Insurance Benefits Handbooks* were effective, or even in existence, at the time in which Kunselman attempted to change the GUL beneficiary is not yet settled. It may very well be that other plan documents—perhaps earlier editions of Citigroup's *Health and Insurance Benefits Handbooks*—instructed Kunselman to give beneficiary change information to Citigroup.

Also, discovery may show that, under the facts and circumstances, Citigroup acted as a fiduciary—despite what the ERISA plan and that *GUL Policy Certificate* state. *Carolinas Elec. Workers Ret. Plan*, 2015 WL 1395130 at *3–4 ("The language in an [ERISA] agreement, though, is not dispositive because courts must also consider the facts and circumstances surrounding the administration of the plan.").

Thus, based on Plaintiff's pleading, and on the elucidations discovery may provide, I cannot say that the *GUL Policy Certificate* plainly defeats Count II as a matter of law. *See, e.g., Welch v. Dolgencorp, LLC*, No. 3:09CV668–WHA, 2011 WL 1130743, at *5 (M.D.Ala. Mar. 25, 2011) (noting that the "factual circumstances surrounding the administration of the plan may demonstrate that an employer undertook fiduciary duties, even if they contradict the designation in a plan document") (citing *Hamilton*, 244 F.3d at 824).

2. Citigroup also argues that the type of acts alleged here (e.g., telling MetLife about Kunselman's request, telling Kunselman that Citigroup would not notify MetLife about the request, and telling Kunselman to contact MetLife about the request) do not constitute fiduciary acts. (Doc. 29, pp. 6–11). Citigroup claims that these are clerical, ministerial acts and, in receiving Kunselman's request to change the GUL beneficiary, Citigroup was acting merely as a holder of information who lacked any discretional authority.

Though true that ministerial acts are not fiduciary acts, *Pohl*, 956 F.2d at 129, it is possible—as stated *supra*—that the type of acts alleged here were fiduciary acts,

*Ervast*, 346 F.3d at 1016 n. 10, *Hamilton*, 244 F.3d at 827, and *Krohn*, 173 F.3d at 552.[3] Also, to the extent Citigroup bases this argument on the language of the *GUL Policy Certificate*, see (Doc. 29, pp. 8–11), which instructs that beneficiary changes must be made through MetLife, this argument fails for the reasons stated *supra*.

And the case law Citigroup cites to support this argument is unpersuasive—at least for purposes of this motion to dismiss. *Palmer Metro. Life Ins. Co. v. Palmer*, 238 F.Supp.2d 826 (E.D.Tex.2002) is distinguishable in an important way: the court in *Palmer* was certain that the ERISA plan in question there clearly instructed the plaintiff on how to make a beneficiary change, *id.* at 831; that certainty is not present here. *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288 (11th Cir.1989) addressed whether a third-party company was a fiduciary when it merely "processed claims and disbursed benefit payments pursuant to Plan terms under an administrative services agreement with" the plaintiff's employer, *id.* at 290; here, Plaintiff's claim is brought against the employer, not a third-party. In *Monper v. Boeing Co.*, 104 F.Supp.3d 1170 (W.D.Wash.2015), the court dismissed fiduciary claims against the individual defendants, *id.* at 1178, but allowed the fiduciary claims against the corporate entities to proceed, *id.* at 1183–84; here, of course, Citigroup is a corporation.

3. Also of note, Citigroup's sur-reply relies heavily on the two *Health and Insurance Benefits Handbooks* it posted on the docket. (Doc. 45). But Plaintiff disputes whether these *Health and Insurance Benefits Handbooks* are a part of the ERISA plan

---

3. Though Citigroup argues that Count II must be dismissed as a breach of fiduciary duty claim requires something more than an allegation of mere negligence—e.g., an allegation "like fraud, duress, or intentional wrongdo-ing" (Doc. 29, p. 6), absent from this Circuit's case law, like *Hamilton*, is any allusion to such a requirement. *See generally Hamilton*, 244 F.3d at 825–27.

at issue. (Doc. 31, pp. 18–19). Thus, to the extent Citigroup relies on documents not attached to, nor incorporated into, the Complaint, see (Doc. 45, pp. 1–3), the Court does not address these arguments or consider these documents at this time— i.e., the Court is disinclined to recommend converting this motion to dismiss into a summary judgment. *See generally Leedom Mgmt. Grp., Inc. v. Perlmutter*, No. 8:11–CV–2108–T–33TBM, 2012 WL 503904, at *2 (M.D.Fla. Feb. 15, 2012).

## IV. RECOMMENDATION

For the reasons stated above, and upon due consideration, it is respectfully **REC-OMMENDED** that the motion to dismiss (Doc. 29) Count II be **DENIED** in its entirety.

**RECOMMENDED** in Ocala, Florida on August 12, 2016.