**Charles CERRITO, Plaintiff,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and The Scudder Kemper Investments, Inc. Group Disability Income Plan, Defendants.**

No. 8:02–CV–471–T–17MAP.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 30, 2002.

---

Donald Carl Anderson, John V. Tucker, Anderson & Tucker, St. Petersburg, FL, for plaintiff.

Ernest J. Myers, Unger, Webster & Acree, P.A., Orlando, FL, Lee W. Marcus, Unger, Acree, Weinstein, Marcus, Merrill, Kast & Metz, PL, Orlando, FL, for defendant.

## ORDER

PIZZO, United States Magistrate Judge.

Plaintiff, a former employee of Scudder Investments, filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA") seeking long-term disability benefits under an employee benefit plan. To prosecute his case, he served the Defendants with a variety of discovery demands in the form of requests for admissions, interrogatories, and requests for documents. In summary, all these efforts are purportedly designed to assist the Plaintiff in determining the appropriate standard of judicial review to be applied, defining the contents of the administrative file, learning who did what during the review process, and identifying other information relevant to the claims or defenses in the case. Faced with these discovery demands, the Defendants moved for protective order asserting any discovery should be limited to the four corners of the administrative record (doc. 8). Essentially, the Defendant argues the applicable standard of review, "arbitrary and capricious", demands limited discovery. After considering the motion and the Plaintiff's response (doc. 12), I find Defendant has not shown "good cause" as required by Rule 26(c) because Plaintiff has sufficiently tailored his discovery so as to meet the requirements of Rule 26(b)(1). Therefore, the Defendant's motion is denied.

Courts have allowed limited discovery in order to determine the appropriate standard of review in ERISA cases. *See Farley v. Arkansas Blue Cross and Blue Shield*, 147 F.3d 774, 776, n. 4 (8th Cir.1998). Furthermore, courts have generally permitted discovery, even in instances in which an "arbitrary and capricious" standard applies, in order to assist the court in evaluating 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed. *See Nagele v. Electronic Data Systems, Corp.*, 193 F.R.D. 94, 102 (W.D.N.Y.2000) citing *Miller v. United Welfare Fund*, 72 F.3d 1066, 1073 (2d Cir.1995); *see also Bedrick v. Travelers Ins. Co.* 93 F.3d 149, 153–54 (4th Cir.1996); *see also Caldwell v. Life Insurance Company of North America*, 165 F.R.D. 633, 638 (D.Kan. 1996) (ERISA plaintiff allowed to pursue discovery on whether the defendant fulfilled its

fiduciary duty to obtain information necessary to make its determination to deny benefits; whether the defendant followed proper procedures in reviewing and denying the plaintiff's claim; and whether the record is complete since these matters could impact the decision as to whether the denial was arbitrary and capricious).

The Plaintiff's discovery demands are likewise limited. For these reasons it is ORDERED:

1. The Defendant's motion for protection from interrogatories, requests for admissions, and requests for production (beyond the administrative record) (doc. 8) is DENIED.