Delores Ann LAKE, Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 8:03–CV–237–T–26EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 7, 2003.

---

John V. Tucker, Anderson & Tucker, St. Petersburg, FL, for plaintiff.

Ralph C. Losey, Katz, Kutter, Alderman & Bryant, P.A., Orlando, FL, for defendant.

## ORDER

LAZZARA, District Judge.

Before the Court is Defendant's Motion to Limit Scope of Review and Discovery/Motion for Protective Order and supporting memorandum (Dkts. 13 and 14), a supporting affidavit of Hartford Life and Accident Insurance Company (Hartford) (Dkt.16), and Plaintiff's Memorandum in Opposition. (Dkt.19). After careful consideration of the arguments made and the file, the Court concludes that the motions should be denied.

 The Eleventh Circuit has made it clear that in a situation involving a conflict of interest, an ERISA plan administrator's decision to deny benefits is subject to the heightened arbitrary-and-capricious standard of *Brown v. Blue Cross and Blue Shield of Alabama*, 898 F.2d 1556 (11th Cir.1990), "regardless of whether the decision turns on findings of fact or on interpretations of plan terminology." *See Torres v. Pittston Co.*, 346 F.3d 1324, 1334, 2003 WL 22233589, at *8

(11th Cir.2003). It is unnecessary at this stage of the proceedings to decide which standard of review to apply, and it seems appropriate based on the issues raised by Plaintiff that discovery may be conducted as to all "the facts as known to the administrator at the time the decision was made." *See Jett v. Blue Cross and Blue Shield of Ala., Inc.*, 890 F.2d 1137 (11th Cir.1989); *Buckley v. Metropolitan Life*, 115 F.3d 936, 941 (11th Cir.1997). To the extent those "facts known" are not reflected in the papers in the claims file, nothing prohibits Plaintiff from conducting discovery as it pertains to those circumstances set forth in *Cerrito v. Liberty Life Assurance Co. of Boston*, 209 F.R.D. 663, 664 (M.D.Fla.2002).[1] *See also Woodward v. Reliance Standard Life Ins. Co.*, No. 1:02–cv–64MMP, 2003 WL 1798519 (N.D.Fla. Mar.10, 2003). Therefore, the scope of discovery will not be wholly limited as requested by Hartford, but may include inquiry into the areas mentioned in this order in accordance with the case law cited.

The Court further finds that Hartford has failed to show "good cause" as required by Federal Rule of Civil Procedure 26(c) to grant a protective order. Plaintiff has complied with Rule 26(b)(1) in crafting the deposition notices and in articulating grounds supporting same in her memorandum in opposition.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Limit Scope of Review and Discovery (Dkt.13) is **DENIED.**

2. Defendant's Motion for Protective Order (Dkt.13) is **DENIED.**

3. The parties shall coordinate forthwith the scheduling of the noticed depositions.

---

1. Discovery may be permitted beyond the administrative record when it is relevant to (1) examining whether an administrator fulfilled his or her fiduciary duties, (2) whether proper procedures were followed in compiling the record; (3) whether the record is complete; and (4) whether the administrator had a conflict of interest.