Susan **MAZZACOLI**, Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY**, Defendant.

No. 6:02CV659–ORL–28DAB.

United States District Court, M.D. Florida. Orlando Division.

June 22, 2004.

---

John V. Tucker, Esq., The Law Offices of Anderson & Tucker, St. Petersburg, FL.

Keersten Heskin Martinez, Esq., Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, FL.

## ORDER

BAKER, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS/COUNTER–PLAINTIFFS' MOTION TO DETERMINE STANDARD OF REVIEW AND LIMIT DISCOVERY (Doc. No. 43)**
>
> **FILED: May 21, 2004**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part as set forth herein.

Defendants Continental Casualty Company ("CNA"), Kraft Foods North America, Inc. and Kraft Food North America, Inc. Long Term Disability Plan[1] (herein "Kraft") move the Court to determine the standard of review applicable to this action brought by Plaintiff to recover long-term disability benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. The Company also moves for an order limiting discovery solely to the administrative record relied upon by the Defendants in denying Plaintiff's application for long-term disability benefits. The Defendants assert that the arbitrary and capricious standard of review applies to the administrative decision, and thus, the scope of discovery is restricted to the administrative record.

Plaintiff raises two issues about which she contends she is entitled to discovery outside of the administrative record.

---

1. Kraft Foods North America, Inc. and Kraft Food North America, Inc. Long Term Disabil-  ity Plan also move as Counter–Plaintiffs.

Plaintiff asserts that the *de novo* standard of review applies and, at a minimum, she is entitled to discovery on the issue of Kraft's delegation of responsibilities to CNA before a decision is made on the standard of review. Plaintiff contends that Kraft never properly delegated discretionary authority to CNA, CNA lacked the authority to deny Plaintiff's claim, and the *de novo* standard applies. Alternatively, Plaintiff argues, since Kraft failed to act on Plaintiff's appeal, it was "deemed denied," and the *de novo* standard applies. The Court finds that limited additional discovery on the issues raised by Plaintiff is appropriate, as set forth herein.

### THE STANDARD OF REVIEW

In *Buckley v. Metropolitan Life,* the Eleventh Circuit set forth three standards of review that a court may apply in reviewing a plan administrator's claims decisions: "(1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious [where] the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where there is a conflict of interests." 115 F.3d 936, 939 (11th Cir.1997). As recently explained by Judge Lazzara:

> When the plan documents explicitly grant the claims administrator the discretion to determine eligibility or construe the terms of the plan, the arbitrary and capricious standard is applied. *See HCA Health Serv. of Georgia, Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 992 (11th Cir.2001) (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). The Eleventh Circuit has modified this arbitrary and capricious standard in cases in which the claims administrator was acting under a conflict of interest. *See HCA Health Serv.,* 240 F.3d at 993 (citing *Florence Nightingale Nursing Serv. Inc. v. Blue Cross/Blue Shield,* 41 F.3d 1476, 1481 (11th Cir.

1995)). The modified standard is called the "heightened" arbitrary and capricious standard. *See Levinson v. Reliance Standard Life Ins. Co.,* 245 F.3d 1321, 1325–26 (11th Cir.2001); *Brown v. Blue Cross & Blue Shield of Ala., Inc.,* 898 F.2d 1556, 1563–64 (11th Cir.1990) (noting that heightened standard "must be contextually tailored" to case).

Once the court determines whether the plan documents grant discretion to the claims administrator to interpret the terms, then the court must apply at the very least the arbitrary and capricious standard and possibly the heightened arbitrary and capricious review. See *HCA Health Serv.,* 240 F.3d at 993. "Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's interpretation of the plan to determine whether it is 'wrong'." See *id.* An administrator's decision is deemed "wrong" when the court disagrees with the claims administrator's plan interpretation after a de novo review of the plan documents and disputed terms. See *id.* at n. 23. If the court disagrees with the decision and thus finds it "wrong," then the court next decides whether "the claimant has proposed a 'reasonable' interpretation of the plan." See *id.* at 994, quoting *Lee v. Blue Cross/Blue Shield,* 10 F.3d 1547, 1550 (11th Cir.1994).

Even if the claimant's proposed interpretation is reasonable, the court must still determine whether the claims administrator's "wrong" interpretation is reasonable. At this point, the court must gauge the self interest of the claims administrator. *See HCA Health Serv.,* 240 F.3d at 994. If there is no conflict of interest, then the inquiry stops, and review is arbitrary and capricious. See *id.* If a conflict does exist,

then the heightened arbitrary and capricious review must be invoked. See id. *Migliaro v. IBM Long–Term Disability Plan*, 231 F.Supp.2d 1167, 1177 (M.D.Fla. 2002).

The difficulty here is that the parties basically seek a determination regarding the standard of review before completing discovery and *prior* to briefing the case on the merits. The Plan documents provide the Plan Administrator with discretion, which, if that discretion remained with Kraft as the Plan Administrator, would be sufficient to apply an arbitrary and capricious standard. Plaintiff does not really dispute that the original Plan Administrator, Kraft, was vested with the ability to delegate its discretion to a third party under the terms of the Plan. However, according to Plaintiff, one issue is whether the delegation of discretion from Kraft to CNA was proper. A second issue is which Defendant, Kraft or CNA, actually denied Plaintiff's benefits. At this point in the litigation, the parties have not squarely briefed these issues or the issue of whether the decision was "wrong," and the existence and degree of self-interest of the decision maker, which are not gauged until after that determination is made. Because these issues have not been briefed, it is premature for the Court to declare the appropriate standard of review.

## BACKGROUND

Plaintiff was formerly employed by Kraft Foods Inc. at its location in Orlando, Florida and, as such, was a participant in Kraft's Long Term Disability Plan ("the Plan"). Doc. No. 15 ¶ 4, 5. Plaintiff developed migraine headaches, allegedly becoming disabled on August 3, 1997, and CNA paid her disability benefits. *Id.* ¶ 10. CNA terminated Plaintiff's disability benefits as of January 31, 2000 and explained its decision in a letter dated March 30, 2000. *Id.;* Doc. No. 43, Ex. B, AR 038–40. Plaintiff appealed the termination, and

CNA upheld the original termination on September 26, 2000; CNA stated that any further appeal would have to be to Kraft within 60 days. Doc. No. 45, Ex. A. On October 19, 2000, Plaintiff sent an appeal to Kraft and asked for 45 days to submit additional information. Doc. No. 45, Ex. B. Plaintiff sent additional information to CNA on November 21, 2000, November 29, 2000, and December 6, 2000, some of which CNA forwarded and some of which it returned to Plaintiff. Doc. No. 45, Ex. C, D, and G. On December 15, 2000 and January 16, 2001, Plaintiff sent to Kraft additional medical records and a copy of the Social Security Administration's decision in Plaintiff's favor. Doc. No. 45, Ex. I, J. On January 17, 2001, Kraft sent Plaintiff copies of documents she requested on October 16, 2000. Doc. No. 45, Ex. K.

It is undisputed that Kraft did not make a decision on Plaintiff's appeal. The parties dispute why. Kraft asserts that it did not make a decision because it was waiting to hear from Plaintiff after she had time to review the information Kraft sent to her on January 17, 2001. Plaintiff argues that "there was nothing else to send" as part of the appeal, and Kraft simply failed to act.

## SCOPE OF DISCOVERY

When reviewing an ERISA benefits denial under an arbitrary and capricious standard, "the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." *Jett v. Blue Cross and Blue Shield of Alabama*, 890 F.2d 1137, 1139 (11th Cir.1989) (internal citations omitted). This standard applies even when a conflict of interest triggers the heightened standard of review. *Lee v. Blue Cross/Blue Shield of Alabama*, 10 F.3d 1547, 1550 (11th Cir.1994) (looking "only to the facts known to the administra-

tor at the time the decision was made" in a heightened arbitrary and capricious standard case); *see also Levinson v. Reliance Standard Life Ins. Co.,* 245 F.3d 1321, 1326 (11th Cir.2001). Thus, normally, a reviewing court is limited to the Administrative Record.

By contrast, in *Cerrito v. Liberty Life Assurance Company of Boston,* 209 F.R.D. 663 (M.D.Fla.2002), Magistrate Judge Pizzo denied a defense motion for protective order, finding that courts have generally permitted discovery "in order to assist the court in evaluating 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed." 209 F.R.D. at 664 (internal citations omitted).

Plaintiff contends that discovery beyond the administrative record is warranted because the *de novo* standard of review applies in this case for one of two reasons. First, Plaintiff contends that Kraft did not properly delegate its discretionary authority to CNA. Second, Plaintiff contends that Kraft's inaction on Plaintiff's appeal resulted in it being "deemed denied."

### THE PLAN

■ The Long Term Disability Plan is funded by employee contributions to the Group Benefit Trust, and all benefits are paid from the Trust. Doc. No. 43 ¶ 3. Under the Plan, Kraft is designated as the Plan Administrator. Doc. No. 43, Ex. 1, Ex. A at P014. However, the Plan gives Kraft the authority to delegate its administrative responsibilities to a third party:

**4.3 Delegation of Responsibility.** The Company may delegate to a duly licensed company or to such other qualified third party any or all of the Company's administrative responsibilities under the Plan, including, but not limited to, those responsibilities concerning payment of benefits and expenses and the determination of whether a person is eligible for benefits hereunder. To the extent not delegated to an insurance company or other qualified third party, the Company's responsibilities may be delegated to various department or groups heads selected by the Management Committee for Employee Benefits.

Kraft, as the Plan Administrator, delegated the responsibility for administering claims under the Plan to CNA[2]. Doc. No. 43 ¶ 5 & Ex. 1 (Affidavit of Kathleen Cammarata) ¶ 8; Ex. B at P35–45. Kraft Foods and CNA entered into an Administrative Services Only Contract (Long Term Disability) effective January 1, 1999 in which Kraft delegated to CNA the responsibility for determining whether requests for benefits should be approved or denied. Doc. No. 43, Ex. B at P037.

Kraft putatively delegated its administrative responsibilities to CNA in the Administrative Services Only Contract (Long Term Disability) effective January 1, 1999. Doc. No. 43, Ex. B at P036–45. Plaintiff contends that the Plan's language allowing Kraft to delegate "any or all of the Company's administrative responsibilities under the Plan, including but not limited to those responsibilities concerning payment of benefits and expenses and the determination of whether or not a person is eligible,"

---

**2.** Plaintiff's Amended Complaint alleges that CNA is the Plan Administrator of the Plan, or the fiduciary responsible for making benefit

determinations in relation to Plaintiff's claim. Doc. No. 1 ¶ 7.

was insufficient to allow Kraft to delegate its discretion to another entity.

Plaintiff contends that if the employer does not designate a person to be a fiduciary "in the ERISA Plan document" itself, then it is a violation of ERISA otherwise to designate such a party. Doc. No. 45 at 6.[3]

While it is true that the original authority for delegation must be in the Plan, that is only a partial statement of the law. As Plaintiff concedes elsewhere in her brief, the designation may be in the Plan itself *or* the delegation may be done "in accordance with the terms of the Plan" in a subsequent document. Here, the Plan allows Kraft to "delegate to a duly licensed company or to such other qualified third party any or all of the Company's administrative responsibilities. under the Plan including ... the determination of whether a person is eligible for benefits hereunder." In this case, the Plan contains the appropriate language giving the Company the authority to determine all questions arising in the administration, interpretation, and operation of the Plan" and giving the original Plan Administrator (Kraft) discretion over plan interpretation, *i.e.*, the discretion to "determin[e] whether a person is eligible for benefits." Doc. No. 43, Ex. A at P014.

However, Plaintiff raises an issue, meriting limited discovery, about the extent of the responsibilities that Kraft delegated and whether CNA was authorized to deny benefits. Eleventh Circuit precedent is clear that where an unauthorized party denies plan benefits, that denial is reviewed under the *de novo* standard."

*Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 291 (11th Cir.1989). In this circuit "a plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary especially if ... the claims processor has not been granted the authority to review benefits denials and make the ultimate decisions regarding eligibility." *Id.* (citation omitted); *see also Skilstaf, Inc. v. Adminitron, Inc.*, 66 F.Supp.2d 1210, 1215 (M.D.Ala.1999). In *Baker*, the employer did no more than "rent" the claims processing department of the insurance company to review claims and determine the amount payable in accordance with the terms and conditions of the plan; the employer reserved the right to review any and all claim denials. *Id.* at 290. If as Plaintiff alleges, CNA was given only the responsibility for claims-processing, and Kraft retained the discretion to make the final decision on benefit denials, then CNA may not have been authorized to deny Plaintiff benefits.

Plaintiff has presented enough evidence of this issue to warrant discovery outside of the administrative record. Plaintiff has filed as exhibits correspondence from CNA indicating that CNA was not handling the final appeal on Plaintiff's claim, but believed that Kraft would. For instance, on September 26, 2000, CNA wrote to Plaintiff in denying her initial appeal, "If you disagree with our decision, you may file an appeal with Kraft Foods, Inc. Your appeal must be received by Kraft within 60 days of this letter." Doc. No. 45, Ex. A. CNA subsequently wrote to Plaintiff that her

---

**3.** Plaintiff relies on the Eleventh Circuit's decision in *Shaw v. Connecticut General Life Insurance Co.*, 353 F.3d 1276, 1282–83 (11th Cir.2003). Plaintiff misapplies the holding of *Shaw* because the facts are distinguishable. In *Shaw*, the court applied a *de novo* standard where it was undisputed that the long-term disability plan did not even give the *original* plan administrator, the employer, the discre-

tionary authority to make eligibility determinations. *Id.* 353 F.3d at 1282. The Eleventh Circuit rejected the argument that discretionary language in the summary plan description, adopted subsequent to the plan, was effective because that modification to the plan was not made in accordance with the amendment requirements and was invalid. *Id.* at 1283.

newly submitted medical information was forwarded to Kraft because "CNA had completed the initial appeal review" on September 26, 2000 and "Please be advised that you will need to proceed with [Plaintiff's] appeal rights directly to Kraft Foods, Inc." *Id.* at Ex. D, H.

CNA's actions are consistent with the terms of the Administrative Services Only Contract (the "Contract") between Kraft and CNA, which states that CNA will make a "recommendation" of denial and Kraft is to make the final decision (though not on an approval). CNA is required to "submit a letter for endorsement by the Company if a determination has been made that benefits are to be denied.... If the Company approves [CNA's] recommendation for denial, the letter will be sent to the" claimant. Doc. No 43, Ex. B at P037. It not clear whether CNA made a recommendation to Kraft and Kraft made the final decision on September 26, 2000 (though it was sent to Plaintiff from CNA) or whether some other procedure was followed here. It is also not clear whether Kraft made the final decision—Kraft claims it did not because Plaintiff never followed up her appeal. If Kraft did not make the final decision, that means CNA did, and it is at least arguable that CNA was not authorized to do so. Alternatively, Plaintiff may be able to show that Kraft's inaction on her appeal resulted in it being deemed denied.

Finally, although one section of the Contract is titled "Benefit Approval, Denial and Appeal" there is no language specifically addressing appeals or how they are to be administered by CNA or Kraft. Plaintiff is entitled to explore these issues. Plaintiff has raised several issues concerning the delegation to CNA, which preclude the Court from making a determination of the appropriate standard of review and necessitate discovery.

The Court finds that discovery going to the claims handling process and the delegation of responsibilities to CNA is appropriate as to issues properly raised by Plaintiff. *See Shaw v. Connecticut General Life Ins. Co.,* 353 F.3d 1276, 1284 n. 6 (11th Cir.2003) (as a rule, *de novo* review permits the parties to put before the district court evidence beyond that which was presented to the administrator at the time the denial decision was made); *see also Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 776 n. 4 (8th Cir. 1998) (noting that conducting limited discovery for the purpose of determining the appropriate standard of review "does not run afoul of the general prohibition on admitting evidence outside the administrative record.")