**Rosemarie L. ROSSER–MONAHAN, Plaintiff,**

v.

**AVON PRODUCTS, INC., et al, Defendant.**

**No. 8:04CV45T24EAJ.**

United States District Court, M.D. Florida. Tampa Division.

Nov. 18, 2004.

John V. Tucker, Anderson & Tucker, St. Petersburg, FL, for Rosemarie L. Rosser–Monahan, Plaintiff.

David E. Meadows, Powell, Goldstein LLP, Karen Wildau, Powell, Goldstein LLP, Atlanta, GA, Russell Scott Buhite, Fowler White Boggs Banker, P.A., Tampa, FL, for Avon Products, Inc. as Plan Administrator of the Avon Products, Inc. Long Term Disability Plan, Defendant.

### ORDER

JENKINS, United States Magistrate Judge.

Before the court is Defendant Avon Products, Inc.'s Expedited Motion For Protective Order And Rule 3.01(g) Certificate (Dkt. 33), Defendant's Brief In Support of Motion for Protective Order (Dkt. 34), both filed on October 28, 2004, and Plaintiff's Memorandum of Law in Opposition to Defendant's Expedited Motion for Protective Order (Dkt. 36) filed October 29, 2004.

Defendant Avon Products, Inc. ("Avon") seeks a protective order prohibiting the Plaintiff from deposing Donna B. Ng, Lori Lundberg, and from taking a deposition of Defendant pursuant to Rule 30(b)(6), Fed. R.Civ.P. These three depositions have been noticed for November 22 and 23, 2004 in New York, New York and Hartford, Connecticut.

### Background

Plaintiff's claim arises from the denial of long-term disability benefits by her (former) employer Defendant Avon. (Dkt. 34 at 1–2) Plaintiff's claim for benefits was reviewed and denied twice by Defendant Avon. (Dkt. 34 at 2) Plaintiff claims that at least one of the denials was based on the lack of "objective" medical evidence to support her condition. (Dkt. 36 at 14)

Deponent Donna Ng is Avon's Vice President of Global Compensation and Benefits and Global Human Resources who signed one of the documents relating to Plaintiff's claim in the administrative appeals file produced by Avon. Deponent Lori Lundberg is an appeals analyst with Aetna Life Insurance Company. *See* Plaintiffs' Notices of Taking Depositions, Dkt. 34, Ex. 1 and 2.

Defendant argues that the noticed depositions are outside the limited scope of discovery permitted in ERISA[1] actions because discovery is limited to the "administrative record". Defendant contends that its production of the claims file, the plan documents and answers to interrogatories constitute all of the permissible discovery in this action.[2]

Plaintiff responds that determining what facts were known to the administrator may involve "more than what AVON put in its claim file." Plaintiff points out several areas in which the discovery provided does not answer questions relating factors which the court may consider in this case, such as the credentials of the medical advisor or other expert consulted, the source of the requirement for "objective" medical evidence, and the basis for the email by an Avon employee regarding "votes" for denying Plaintiff's appeal.

### Discussion

█ The Eleventh Circuit has identified three varying standards of review that a court may apply in reviewing a plan administrator's claims decision under ERISA: "(1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious [where] the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where there is a conflict of interest." *Buckley v. Metropolitan Life*, 115 F.3d 936, 939 (11th Cir.1997); *Marecek v. BellSouth Telecommunications, Inc.*, 49 F.3d 702, 705 (11th Cir.1995).

█ When reviewing a denial of benefits under the *de novo* standard of review, where the plan does not grant the administrator discretion, the court may examine facts not before the administrator. *Kirwan v. Marriott Corp.*, 10 F.3d 784, 790 n. 31 (11th Cir.1994) (citations omitted). On the other hand, under the arbitrary and capricious standard, where the plan expressly grants the administrator discretion, the court may consider only the "facts known to the administrator at the time the decision was made to deny [ ] cover-

---

1. Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

2. Defendant explains that Plaintiff has received "over 300 pages of documents as part of the administrative file and several letters from Avon and Aetna explaining the reasons for denying Plaintiff's claim."

age." *Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir.1994); *Jett v. Blue Cross and Blue Shield of Alabama, Inc.*, 890 F.2d 1137, 1139 (11th Cir.1989).

■ The parties agree that the arbitrary and capricious standard applies in this case. (Dkt. 34, at 2, Dkt. 36 at 5) "In applying the arbitrary and capricious standard to a plan administrator's decision, the district court's role is limited to determining whether the contested interpretation was made rationally and in good faith." *Blank v. Bethlehem Steel Corp.*, 926 F.2d 1090, 1093 (11th Cir.1991). Under this review, the court would consider factors such as:

(1) the uniformity of the administrator's construction;

(2) the "fair reading" and reasonableness of his interpretation;

(3) the concern for unanticipated costs to the health plan;

(4) the internal consistency of the plan under the interpretation given by the administrator;

(5) any regulations by appropriate agencies; and

(6) the factual background of the determination as well as any inferences of lack of good faith.

*See Blank*, 926 F.2d at 1093; *Harris v. Pullman Standard, Inc.*, 809 F.2d 1495, 1498 (11th Cir.1987).

■ The parties have not cited, nor has the court's research revealed, any case in which the Eleventh Circuit has ruled on the proper scope of discovery in ERISA cases involving the arbitrary and capricious standard of review. Some courts have held that discovery in such cases is not limited to the documentary administrative record, but may include all "facts known to the administrator" whether or not those facts were reduced to paper, and whether or not those facts were included in the file which Defendant deems its "administrative record". *See e.g. Lake v. Hartford Life and Accident Ins. Co.*, 218 F.R.D. 260, 261 (M.D.Fla.2003).[3]

■ Thus, in such a case a plaintiff may conduct discovery to evaluate "(1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information [known to him]; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed." *Cerrito v. Liberty Life Assurance Co.*, 209 F.R.D. 663, 664 (M.D.Fla.2002). *See also Lake, supra; Woodward v. Reliance Standard Life Insurance Co.*, 2003 WL 1798519, 2003 U.S. Dist. LEXIS 19206 (N.D.Fla. March 10, 2003). *But see Featherston v. Metropolitan Life Ins. Co.*, 223 F.R.D. 647 (N.D.Fla.2004).

Defendant, and perhaps some courts, have equated the Eleventh Circuit pronouncement "facts known to the administrator" to be synonymous with the term "administrative record". Defendant takes the position that only the claims file maintained by the administrator of the plan is discoverable, yet the Eleventh Circuit has not adopted this limited definition as its standard. As pointed out in *Shipp v. Provident Life & Accident Ins. Co.*, 214 F.Supp.2d 1241, 1246 (M.D.Ala.2002) "[t]he choice [ ] of the "facts known" language in the Eleventh Circuit's articulation of this limitation...is significant."

Defendant asserts that Plaintiff has not made a sufficient evidentiary showing to permit discovery outside the "administrative record" citing to *Mazzacoli v. Continental Casualty Co.*, 322 F.Supp.2d 1376 (M.D.Fla. 2004). However, the *Mazzacoli* decision arose in the context of whether the proper standard of review in that case would be *de novo* or arbitrary and capricious. The court, noting that the parties had not completed discovery or briefing on the issue for the proper standard of review, permitted limited discovery as to the claims handling process and the delegation of responsibilities to the

---

**3.** This court acknowledges a decision entered in 2002 in the case of *Hawkins v. Arctic Slope Regional Corporation*, Case No. 8:02–CV–732–T–EAJ. There, the undersigned held that discovery is limited to the administrative record in a case involving an arbitrary and capricious standard of review, except for any issue relating to an alleged conflict of interest. To the extent that the instant decision departs from the holding in *Hawkins*, this court is persuaded by the authorities cited above including *Lake* and *Cerrito*.

plan administrator for the purpose of determining the proper standard of review. 322 F.Supp.2d at 1382.

■ Having fully considered the issues presented, the court concludes that, in this case, discovery should be permitted beyond the claims file which Defendant may deem its "administrative record" Defendant's motion for protective order makes no specific objection to the areas of inquiry in Plaintiff's Notice of Taking Deposition of Defendant pursuant to Rule 30(b)(6), but rather asserts that no discovery may be conducted beyond the claims file. The court disagrees. "Facts known to the administrator" could include information not within the claims file, and the discovery sought by Plaintiff is relevant to this inquiry.

Plaintiff has agreed to limit the scope of the inquiry in all three depositions to the factors recognized by the courts in applying this standard. Discovery is appropriate within the parameters set by the courts in *Lake* and *Cerrito, supra.*

Finally, as Defendant has raised the defense of contractual limitation, Plaintiff may properly proceed with the depositions to discover any non-privileged information which is relevant to this matter.

Accordingly, and upon consideration, the court finds that Defendant has not met its burden of showing good cause as required under Rule 26(c), Fed.R.Civ.P. for the protective order requested, and it is therefore **ORDERED** and **ADJUDGED** that:

Defendant's **Motion for Expedited Protective Order** is **DENIED.** Plaintiff may conduct the noticed depositions to discover any non-privileged information as to the contractual limitation defense and as to the five factors outlined in the case law and discussion set forth above, in accordance with Plaintiff's agreements as to time limits and location.