Deborah N. CRUME, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE, Defendant.

No. 6:04CV1328 ORL 22JGG.

United States District Court, M.D. Florida. Orlando Division.

Aug. 10, 2005.

Gregory D. Swartwood, Esq., The Nation Law Firm, Longwood, FL, for Deborah Crume, the Plaintiff.

Ralph Losey, Esq., Akerman Senterfitt in Orlando, FL, Counsel for Defendant.

## Memorandum of Decision Denying Defendant's Motion for Protective Order

GLAZEBROOK, United States Magistrate Judge.

This cause is before the Court upon Defendant's Motion for Protective Order [Doc. 34], and Plaintiff's Response thereto [Doc. 36] and the submission of certain documents, including Plan documents, by Defendant [Doc. 37] and Plaintiff [Doc. 38]. A hearing was held before the undersigned on July 18, 2005.

### A. Background

The parties agree that the Plaintiff was originally an employee of Georgia–Pacific Corporation. As such, she was a participant in its long-term disability plan. The plan, known as the LifeChoices Plus Benefits Program, is self-funded by contributions from the company and the participants. Benefits were payable from the Georgia–Pacific Corporation Master Trust for Health and Welfare Benefit Plans.

Sometime thereafter, through a business reorganization, Ms. Crume became an employee of Unisource Worldwide, Inc. Effective November 1, 2002, Metropolitan Life Insurance Company ("MetLife") issued an insurance policy insuring the payment of long-term disability benefits under the Unisource Flexible Benefits Program. At all material times, Ms. Crume was a covered participant in the insured Unisource Flexible Benefits Program (hereinafter "Plan").

Ms. Crume applied for long-term disability benefits maintaining that she became disabled on or about July 26, 2003. MetLife denied her claim upon the initial application and, after an administrative "appeal" within MetLife, upheld the denial of benefits.

The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. Plaintiff filed the instant action seeking judicial review under 29 U.S.C. § 1132(a)(1)(B), disputing MetLife's decision denying benefits.

Plaintiff noticed the deposition of Carole Roy, a MetLife employee who made the final decision denying benefits after the administrative appeal. In Plaintiff's Notice of Deposition, Plaintiff agreed to limit the scope of examination to the following issues:

1. The exact nature of the information considered by the fiduciary making the decision;

2. Whether the fiduciary was competent to evaluate the information in the administrative record;

3. How the fiduciary reached its decision;

4. Whether given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim; and

5. Whether a conflict of interest exists.

Defendant moved for protective order seeking to prevent Roy's deposition. The issue before the Court is whether such deposition testimony is appropriate in this ERISA action and, if so, under what circumstances.

### B. Applicable Standard Of Review

ERISA's civil enforcement statute, ERISA § 502, 29 U.S.C. § 1132, provides no guidance regarding the standard of review to be employed in a claim for welfare benefits. However, in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court held:

[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Id.* at 115, 109 S.Ct. 948. *Providence v. Hartford Life and Accident Ins. Co.,* 357 F.Supp.2d 1341, 1344 (N.D.Fla.2005).

The United States Court of Appeals for the Eleventh Circuit has established three possible standards of review to be applied by a District Court in reviewing an ERISA benefit determination: (1) *de novo*—when the plan administrator making the ultimate decision is not given discretion by the plan's terms; (2) arbitrary and capricious (also known as abuse of discretion)—when a plan's terms grant the administrator discretion; or (3) heightened arbitrary and capricious—when there is a conflict of interest—as when an administrator both insures the plan and makes the final claims decision. *Buckley v. Metro. Life,* 115 F.3d 936, 939 (11th Cir.1997); *HCA Health Servs. v. Employers Health Ins. Co.,* 240 F.3d 982, 993 (11th Cir.2000).

■ At this time, the parties have not moved to have the Court determine the applicable standard of review. Nonetheless, the resolution of this motion for a protective order requires an evaluation of the standard of review. The parties have submitted certain plan documents in which it does appear that discretionary authority has been granted to MetLife in accordance with the law of ERISA. [See Doc. 37 at stamped page "Unisource LTD Plan 0042."] On the other hand, within this same document, there is an indication that the Plan Administrator, Unisource Worldwide, Inc., has a right to review and reconsider claims on appeal. [See Doc. 37 at stamped page "Unisource LTD Plan 0043."] In this case, MetLife made the final decision. At this time, Plaintiff does not agree that either the arbitrary and capricious or the heightened arbitrary and capricious standard of review applies in this case. In fact, this is one of the issues Plaintiff seeks to explore during discovery.

Based on the submissions of the parties, it appears that a conflict of interest exists. MetLife both insures the Plan and acts as the final decision maker. *HCA Health Servs.,* 240 F.3d at 1001; *Yochum v. Barnett Banks, Inc. Severance Pay Plan,* 234 F.3d 541, 544 (11th Cir.2000). In such cases, the long standing principles of trust upon which ERISA law was based no longer mandate full deference to the administrator's discretionary decisions.

## C. Merits Of Defendant's Motion

The Eleventh Circuit has never squarely addressed the issue of the limits of discovery in ERISA cases. Courts throughout Florida have addressed this issue differently. Plaintiff relies heavily on *Cerrito v. Liberty Life Ins. Co.,* 209 F.R.D. 663 (M.D.Fla.2002), *Woodward v. Reliance Standard Life Ins. Co.,* No. 1:02CV64MMP, 2003 WL 1798519 (N.D.Fla.2003), and their progeny. In those cases, the courts permitted discovery, even though the arbitrary and capricious standard of review applied. Discovery was appropriate to permit the Court to evaluate:

1. The exact nature of the information considered by the fiduciary making the decision;

2. Whether the fiduciary was competent to evaluate the information in the administrative record;

3. How the fiduciary reached its decision;

4. Whether given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim; and

5. Whether a conflict of interest exists. *See Cerrito*, 209 F.R.D. at 664 (citations omitted).

The discovery sought by Plaintiff Crume is appropriately limited in scope and will assist the Court in determining whether there is a reasonable basis for MetLife's decision to deny benefits. Defendant notes that when the arbitrary and capricious standard of review applies, that "the function of the court is to determine whether there was reasonable basis for the decision, based upon the facts known to the administrator at the time the decision was made." *Jett v. Blue Cross & Blue Shield*, 890 F.2d 1137, 1139 (11th Cir.1989). Defendant equates the Eleventh Circuit's decree limiting the court's review to the "facts known to the administrator" to be synonymous with the information contained in the administrative record. Although the administrative record will certainly contain certain "facts" known to the administrator, it does not, by necessity, contain all of the facts known to the administrator. This information can be obtained only through reasonably limited discovery.

■ Defendant argues that this Court's review of this ERISA action should be treated as a review of an administrative record—as in Social Security Cases. Defendant notes that FED. R. CIV. P. 26(a)(1)(e)(i) exempts "action[s] for review on an administrative record" from initial disclosures. Defendant maintains that this Court's review is similar to an appellate court reviewing a district court's decision or the court's review of an administrative law judge's decision in social security cases. The Court declines to accept Defendant's offer to so limit its review. This Court agrees with Judge Miles Davis' assessment in his Order Granting Motion for Protective Order that:

> The Court recognizes that ERISA appeals are not ordinary administrative appeals. In Social Security appeals, which involve review of the same kind of medically related administrative record as is present here, the court reviews the decision of a trained and neutral Administrative Law Judge. In an agency proceeding, the court reviews the decision of a board or other agency tribunal that has been authorized by Congress to make such decisions after appropriate administrative proceedings. None of the neutrality or hearing-type protections in those cases is present here.

Judge Davis' Order at 8.

Defense counsel admits that MetLife evaluates and pays ERISA disability claims the same way it administers other types of insurance claims—and does nothing different as a fiduciary. Nothing currently in the record, or argued by counsel, suggests that MetLife's decision was made in bad faith. However, Plaintiff should be permitted, within the limited scope set forth in this order, to explore whether MetLife had a reasonable basis for its determination. As set forth by the United States Supreme Court in *Motor Vehicle Mfr. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983), a decision is arbitrary and capricious if the decision maker "entirely failed to consider an important aspect of the problem [or] offered an explanation for its decision that runs counter to the evidence." Plaintiff should be permitted to explore the decision-making process within the limits detailed in the Notice of Taking Deposition.

Having fully considered the issues presented, the Court finds that Defendant has not met its burden of showing good cause for a protective order as required by Fed. R.Civ.P. 26(c). *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir.2001) ("The prerequisite [to a Rule 26(c) order of protection] is a show-

ing of "good cause" made by the party seeking protection.") The limited scope of inquiry sought by the Plaintiff is appropriate and Defendant's Motion is therefore DENIED.

Accordingly, it is ORDERED:

Defendant's Motion for Protective Order (Doc. 34) is DENIED.