**Deborah N. CRUME, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**No. 6:04CV1328 ORL 22JGG.**

United States District Court,
M.D. Florida.
Orlando Division.

Sept. 7, 2005.

---

Gregory D. Swartwood, Esq., The Nation Law Firm, Longwood, FL, for Deborah Crume, the Plaintiff.

Ralph Losey, Esq., Akerman Senterfitt in Orlando, FL, Counsel for Defendant.

### ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of Defendant Metropolitan Life Insurance Company's Appeal/Objection to the Magistrate Judge's Order Denying Defendant's Motion for Protective Order (Doc. 47), and Plaintiff Deborah N. Crume's Response thereto (Doc. 49).

In this ERISA denial-of-benefits action, MetLife maintains that Magistrate Judge Glazebrook erred in determining that Plaintiff could conduct a deposition of a MetLife employee involved in MetLife's claim denial decision. In MetLife's view, a district court may only consider the administrative record when reviewing a claims administrator's benefit denial decision in a case subject to the arbitrary and capricious (or heightened arbitrary and capricious) standard. Consequently, MetLife argues, information outside the administrative record is irrelevant, and is therefore not subject to discovery.

This Court disagrees. As stated by Magistrate Judge Pizzo, of this District's Tampa Division, limited discovery is generally appropriate in cases in which the arbitrary and capricious standard of review applies,

> to assist the court in evaluating 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision; 4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed.

*Cerrito v. Liberty Life Assurance Co. of Boston,* 209 F.R.D. 663, 664 (M.D.Fla. 2002); *see also Lake v. Hartford Life & Accident Ins. Co.,* 218 F.R.D. 260, 261

(M.D.Fla.2003) (Lazzara, J.) (relying on *Cerrito*); *Rosser–Monahan v. Avon Prods., Inc.*, 227 F.R.D. 695, 698–99 (M.D.Fla.2004) (Jenkins, Mag. J.) (relying on *Cerrito* and *Lake*); *Woodward v. Reliance Standard Life Ins. Co.*, No. 1:02CV64MMP, 2003 WL 1798519 *1 (N.D.Fla. Mar.10, 2003) (Paul, Senior J.) (relying on *Cerrito*). Accordingly, Magistrate Judge Glazebrook did not err in permitting Plaintiff to conduct discovery within the parameters of *Cerrito*.

Based on the foregoing, it is ORDERED as follows:

1. Defendant Metropolitan Life Insurance Company's Appeal/Objection to the Magistrate Judge's Order Denying Defendant's Motion for Protective Order (Doc. 47), filed August 23, 2005, is OVERRULED.

2. Magistrate Judge Glazebrook's Memorandum of Decision Denying Defendant's Motion for Protective Order (Doc. 42), filed August 10, 2005, is AFFIRMED.

3. Defendant Metropolitan Life Insurance Company's Unopposed Motion to Exceed Page Limitations (Doc. 46), filed August 23, 2005, is GRANTED.