**Janet V. ADAMS, Plaintiff,**

**v.**

**HARTFORD LIFE AND ACCIDENT INSURANCE CO., Defendants.**

**Civil Action No. 1:08–CV–2794–CAP.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 16, 2008.

---

Heather K. Karrh, Rogers & Hofrichter, P.C., Fayetteville, GA, for Plaintiff.

Elizabeth Johnson Bondurant, Steven D. Henry, Smith, Moore, Leatherwood, LLP, Atlanta, GA, for Defendants.

### ORDER

CHARLES A. PANNELL, JR., District Judge.

This matter is now before the court in regard to discovery issues addressed in the parties' joint preliminary planning report and discovery schedule [Doc. No. 7]. In the planning report, the plaintiff contends that she is entitled to discovery limited only by the usual relevancy issues. The defendant, on the other hand, contends that discovery in this case should be limited to the production of the administrative record, which is comprised of the employee welfare benefit plan ("the Plan") documents and the plaintiff's claim file.

■■■ The court is persuaded by the plaintiff's arguments that she should be entitled to discovery beyond the administrative record. This case, which concerns the termination of the plaintiff's long-term disability benefits, is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Pursuant the body of case law developed under ERISA, the court, at the very least, must examine "the facts as known to the administrator at the time the decision [to deny benefits] was made" to determine whether the administrator's decision was reasonable.[1] *See Glazer v. Reliance Standard Life Insurance Co.*, 524 F.3d 1241, 1246 (11th Cir. 2008). "To the extent those 'facts known' are not reflected in the papers in the claims file, nothing prohibits Plaintiff from conducting discovery as it pertains to [ (1) examining whether an administrator fulfilled his or her fiduciary duties, (2) whether proper procedures were followed in compiling the record; (3) whether the record is complete; and (4) whether the administrator had a conflict of interest]." *Lake v. Hartford Life & Accident Insurance Co.*, 218 F.R.D. 260, 261 (M.D.Fla. 2003) (citing *Cerrito v. Liberty Life Assurance Co. of Boston*, 209 F.R.D. 663, 664 (M.D.Fla.2002)). In addition, if the administrator was acting under a conflict of interest when it made the plaintiff's benefit decision, the plaintiff has the right to conduct discovery into the surrounding circumstances to determine whether such a conflict affected the benefits decision. *See Metropolitan Life Insurance Co. v. Glenn*, ⸺ U.S. ⸺, ⸺, 128 S.Ct. 2343, 2351, 171 L.Ed.2d 299 (2008) (noting that the significance of an administrator's conflict of interest depends on the degree to which the circumstances suggest that the conflict affected the benefits decision).

---

1. The court assumes, based on the parties' arguments, that the Plan vested the defendant with the discretion to determine the plaintiff's eligibility for benefits.

While the above examples illustrate why the plaintiff may need to conduct discovery beyond the administrative record, this court does not attempt to delineate the parameters of the plaintiff's discovery. Instead, the court concludes that the plaintiff is entitled to pursue any discovery that "is relevant in itself or [that] appears reasonably calculated to lead to the discovery of admissible evidence." *See Hogan–Cross v. Metropolitan Life Insurance Co.*, 568 F.Supp.2d 410, 414 (S.D.N.Y.2008) ("The question for ERISA cases, as in all cases, is whether the discovery sought is relevant in itself or appears reasonably calculated to lead to the discovery of admissible evidence.").

The parties are DIRECTED to conduct their discovery consistent with this order.