**Yves M. LELU, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**Case No. 6:08–cv–1300–Orl–35KRS.**

United States District Court, M.D. Florida, Orlando Division.

May 19, 2009.

Gregory D. Swartwood, The Nation Law Firm, Longwood, FL, for Plaintiff.

Gregory Paul McMahon, Marcus, McMahon & Myers, PL, Orlando, FL, for Defendant.

### ORDER

KARLA R. SPAULDING, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:.

> MOTION: **DEFENDANT, HART-FORD LIFE AND ACCIDENT IN-SURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER OF PLAINTIFF'S NOTICE OF TAK-ING VIDEOTAPED DEPOSITION DUCES TECUM OF DEBRA L. WELLS, R.N. (Doc. No. 24)**
>
> **FILED: April 30, 2009**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

---

**1.** Normally, the pendency of a motion for a protective order does not relieve a deponent from appearing at a deposition. Because the motion and response were filed before the date the deposition was scheduled, however, the Court considers the matter ripe for review even though the scheduled deposition date has passed.

## I. BACKGROUND.

Plaintiff Yves M. Lelu contends in this case that Defendant Hartford Life and Accident Insurance Company (Hartford) erred in denying his claim for long-term disability benefits under a group disability policy issued by Hartford to employees of Disney Worldwide Services, Inc. (Disney), which is Lelu's employer. Disney is the plan sponsor and plan administrator of an ERISA employee welfare benefit plan providing long-term disability benefits. Hartford is the claims administrator of the plan. Doc. No. 1.

Disney also has a Short–Term Illness Program that is not administered by Hartford, which provides "salary continuation" benefits under certain circumstances. Doc. No. 24–4 ¶ 2. Debra L. Wells, R.N., is a registered nurse employed by Disney. Her job duties including processing doctor's notes for Disney employees who are receiving sick pay and short-term illness benefits. Doc. No. 24–5 ¶¶ 1–2. Wells signed an Employee Work Status form indicating that Lelu was unable to work for a medically approved reason from January 30 through April 16, 2007. Doc. No. 29–2 at 4. Wells did not, however, make any decisions regarding Disney's salary continuance program or Lelu's claim for long-term disability benefits. Doc. No. 24–5 ¶ 3.

## II. DISCOVERY ISSUE.

 Lelu served a subpoena on Wells, who is not a party in this case, to appear at a deposition and produce documents. Hartford filed the present motion for an order protecting Wells from being deposed.[1] Hartford presented evidence that Wells did not provide information regard-

ing or participate in its decision to deny Lelu long-term disability benefits. *See* Doc. No. 24–3 ¶¶ 9–12; Doc. No. 24–4 ¶ 7; Doc. No. 24–5 ¶ 3.

Lelu responded that he is seeking information from Wells about his claim for short-term illness and salary continuation benefits, which information Hartford should have considered in making its decision regarding his claim for long-term disability benefits. Doc. No. 29. Lelu argues that Hartford acted improperly by denying disability benefits despite Disney's approval of Lelu's absence from work due to medical reasons.

In this circuit, discovery has been permitted in ERISA disability cases in which the arbitrary and capricious standard of review applies [2] to evaluate " '(1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information [known to him]; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed.' " *Rosser–Monahan v. Avon Prods., Inc.,* 227 F.R.D. 695, 698 (M.D.Fla.2004)(quoting *Cerrito v. Liberty Life Assurance Co.,* 209 F.R.D. 663, 664 (M.D.Fla.2002)). Other courts have found that a claims administrator may be required to gather readily available information when the evidence in the administrative record suggests that the information might confirm the beneficiary's theory of entitlement. *See Gaither v. Aetna Life Ins. Co.,* 394 F.3d 792, 807–08 (10th Cir.2004).

A prerequisite to discovery in these instances is, therefore, a showing that there is something in the administrative record or other evidence that establishes that Hartford was aware of information in the possession of Disney that it should have considered in making its decision on the claim for long-term disability benefits. Lelu has not presented any citation to the administrative record or such other evidence in this regard. Absent such a showing, discovery from Wells or others regarding Disney's short-term illness and/or salary continuation program decisions is not appropriate.

The evidence having established that Wells does not have any information about the long-term disability decision, the motion for a protective order as to her deposition is well taken. Accordingly, the subpoena to Wells is hereby **QUASHED.**

---

**2.** Counsel did not address the standard of review in this case in their papers. Because the ERISA plan documents give Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy," Doc. No. 24–7 at 42, I assume for purposes of this order only that the arbitrary and capricious standard is likely to apply.